OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Edward Wilhelm, appeals the decision of the Mahoning County Court of Common Pleas, Probate Division, which found Edward in contempt of court. We are dismissing Edward's appeal due to his egregious failure to comply with App.R. 16 in both the form and content of his brief.
 {¶ 2} App.R. 16(A) provides that an appellant's brief must contain the following: a table of contents, with page references; an alphabetical table of authority, with page references; a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected; a statement of the issues presented for review, with references to the assignments of error to which each issue relates; and an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The appellant's brief in this case contains none of these. It contains no assignments of error. It contains no clear statement of the issues Edward would have us review. It contains no citation to the record in support of his argument.
 {¶ 3} Besides the omissions mentioned above, Edward's argument is confused and unclear. For instance, in much of his argument, Edward seems to be complaining he was found in contempt of court for one act when the record demonstrates that he was actually found in contempt for a different act altogether. Additionally, it is difficult to understand exactly how Edward believes the trial court erred. It is not the function of this court to create an argument for an appellant as that would be inherently unjust to the other parties. Presidential Estate Condo Assn.v. Slabochova (Mar. 28, 2001), 7th Dist. No. 99-C.A.-126; see, also,State v. Rhodes (Dec. 14, 2001), 11th Dist. No. 2000-L-089 (Appellate court will not make appellant's arguments for him).
 {¶ 4} An egregious failure to comply with App.R. 16 may prompt the outright dismissal of an appeal. State v. Barnes (Mar. 12, 2002), 7th Dist. No. 00 BA 44. Edward's failure to comply with App.R. 16 prevents us from being able to effectively deal with the issues he tried to raise on appeal. Accordingly, we are forced to dismiss his appeal.
 {¶ 5} Some of the Appellees in this case, David Wilhelm and Joyce Wilkinson, have requested attorney fees and costs under App.R. 23, claiming Edward's appeal is a frivolous appeal. But they have not filed a motion for fees pursuant to App.R. 15. "A paragraph in a responsive brief is insufficient to raise the issue before this court, and we therefore decline to consider it." See Richards v. Beechmont Volvo (1998),127 Ohio App.3d 188, 192.
 {¶ 6} Edward's appeal is dismissed.
Appeal dismissed.
Waite, P.J., concurs in judgment only.
Vukovich, J., concurs.